

**FILED**
**AUGUST 18, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 2:95-CR-09-J (3) |
| | § | |
| CHYANN FINE BRATCHER, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Chyann Fine Bratcher's ("Bratcher") *Motion to Correct Judgment Pursuant to Fed. R. Civ. Proc. 60(a)*, filed February 10, 2009. This motion is DENIED.

### BACKGROUND

On September 5, 1995, Bratcher was found guilty in a jury trial by this Court of numerous crimes, including murder, committed at the Lake Meredith Recreation Area.[1] Following the trial, this Court sentenced her to life imprisonment. Bratcher filed a motion for new trial, and after conducting a hearing on Bratcher's motion for new trial, this Court denied the motion on December 1, 1995. On July 8, 1996, Bratcher's convictions and sentence as well as the denial of her motion for new trial were affirmed on direct appeal. *United States v. Bratcher*, 95 F.3d 49 (5th Cir. 1996) (unpublished).

---

[1] Bratcher was convicted of one count of conspiracy to defraud the United States and aiding and abetting, in violation of 18 U.S.C. § 371 and 2; one count of conspiracy to commit murder and aiding and abetting, in violation of 18 U.S.C. § 1117 and 2; three counts of mail fraud and aiding and abetting, each in violation of 18 U.S.C. § 1341 and 2; and one count of murder within the special maritime and territorial jurisdiction of the United States and aiding and abetting, in violation of 18 U.S.C. § 7, 11 and 2.

On February 23, 2000, Bratcher filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in case number 4:00-CV-127-Y.  Bratcher argued (1) the "federal government lacked any form of jurisdiction over the locus in quo;" (2) her convictions and sentences are violative of the protection against double jeopardy; (3) the government was time barred from charging her for the overt acts underlying the conspiracy; and (4) she was the victim of malicious prosecution and received ineffective assistance of counsel. On March 30, 2000, United States District Judge Terry R. Means summarily dismissed the motion with prejudice, finding that Bratcher was challenging errors that were alleged to have occurred during or before sentencing and her claims should be raised in a motion under 28 U.S.C. § 2255. Bratcher filed a notice of appeal. On October 23, 2000, the Fifth Circuit affirmed the dismissal of Bratcher's § 2241 motion. *Bratcher v. Bogan*, 235 F.3d 1340 (5th Cir. 2000) (unpublished).

On May 3, 2001, Bratcher filed a motion to vacate her sentence under 28 U.S.C. § 2255. Magistrate Judge Clinton Averitte prepared a Report and Recommendation, which dismissed the motion to vacate as time-barred. This Court adopted Judge Averitte's Report and Recommendation on November 18, 2002.  Bratcher filed a notice of appeal, but on April 3, 2003, the Fifth Circuit denied her request for a certificate of appealability. On July 18, 2003, Bratcher filed a motion for appointment of counsel, which was denied by this Court on July 21, 2003. Bratcher again filed a notice of appeal. On April 21, 2004, the Fifth Circuit dismissed her appeal as frivolous and warned Bratcher that the filing of frivolous motions and appeals in the future could result in sanctions. *United States v. Fine*, 95 Fed. Appx. 557 (5th Cir. 2004) (unpublished). On August 21, 2003, Bratcher filed a second petition for a writ of habeas corpus under 28 U.S.C. § 2241 in case number 4:03-CV-895-A. On August 26, 2003, United States District Judge John McBryde dismissed the petition for lack of jurisdiction. Bratcher filed a

notice of appeal, but the Fifth Circuit denied her request for a certificate of appealability on June 23, 2004.

Bratcher filed the instant motion to correct judgment pursuant to Fed. R. Civ. P. 60(a) on February 10, 2009.  After receiving two extensions of time from this Court, the United States Government responded on March 31, 2009.  Bratcher filed her reply brief on April 7, 2009, and the motion is now ripe for decision.

## DISCUSSION

Bratcher originally characterized her pleading as being pursuant to Fed. R. Civ. P. 60(a). In Bratcher's "Reply to Government's Response to Motion to Correct Judgment," Bratcher amended to also plead for relief under Fed. R. Civ. P. 60(b).  Bratcher obtained consent for this amendment.  However, neither Rule 60(a) or 60(b) will allow Bratcher to prevail.

## RULE 60(A)

Fed. R. Civ. P. Rule 60(a) applies only to clerical errors. The Fifth Circuit is very clear on this point: "Rule 60(a) is available only when a mistake is clerical in nature." *Rutherford v. Harris County,* 197 F.3d 173, 190 (5th Cir. 1999), citing *James v. Anderson-Tully Co.*, 722 F.2d 211, 212 (5th Cir. 1984). Correction of an error in substantive judgment is outside the reach of Rule 60(a). *Id*.  Rule 60(a) may not be used to correct a legal error or an error of judgment; it may only correct an error of recitation.  *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668-69 (5th Cir. 1986)

Bratcher alleges that the Court improperly dismissed her motion as time-barred.  Bratcher argues that the Court made a clerical error in determining the relevant time period for her to file her 28 U.S.C. § 2255 motion.  The error alleged is not clerical in nature, however.  Bratcher states that the "magistrate erred in applying the time bar."  This error, if true, would be an error

in judgment, not a clerical error. Moreover, it is clear from the magistrate judge's Report and Recommendation that he contemplated the relevant time period, and intentionally applied the time bar. The Report and Recommendation decided that because Bratcher "failed to show due diligence in pursuing her post-conviction remedies," the motion to vacate was time barred. Thus, this Court concludes that there was not any clerical error as considered under Rule 60(a). Instead, it was a substantive ruling on the relevant time bar to Bratcher's motion.

## SUBJECT MATTER JURISDICTION

Bratcher further uses this Rule 60 appeal to further challenge this Court's finding that it had jurisdiction to hear this case. Insofar as her motion does so, Bratcher may not challenge this Court's determination regarding jurisdiction over the Lake Meredith Recreation Area under Rule 60(a) or 60(b). A motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a § 2255 motion - such as a motion seeking to present newly discovered evidence - is classified as a second or successive habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005). A second or successive motion must be certified by a panel of the appropriate court of appeals – in this case, the United States Court of Appeals for the Fifth Circuit. 28 U.S.C. § 2244(b)(3)(A), *United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998). Without such a certification, this Court lacks jurisdiction and cannot address any substantive claims raised.

Although this Court lacks the capacity to grant the relief Bratcher ultimately seeks – the reversal of her conviction - the Court is not blind to the underlying facts of the case. The notion that Lake Meredith is not under federal jurisdiction because the Governor failed to sign the note seceding it to the federal government is demonstrably false. Moreover, Bratcher has raised this argument numerous times before, including before this Court. Bratcher has been unable to

persuade any other Court, and is unable to persuade this Court, that it lacks jurisdiction over the Lake Meredith Recreation Area.

## RULE 60(B)

Bratcher further moves for relief under Fed. R. Civ. P. 60(b)(6), which is the "catch-all" provision of Rule 60. This rule permits relief "for any other reason justifying relief from the operation of the judgment." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005). Rule 60(b)(6) is limited to cases where it is required "to accomplish justice under exceptional circumstances." *Edwin H. Bohlin Co. v. Banning Co., 6 F.3d 350, 357* (5th Cir. 1993). Rule 60(b)(6) relief should be granted only where "*extraordinary circumstances*" are present. *Hesling*, 396 F.3d at 642.

The Government moved that Bratcher's petition be dismissed as an unauthorized second petition. A motion for relief from judgment which seeks to advance one or more substantive claims is properly classified as a second or successive habeas petition and requires authorization from the Court of Appeals. *Gonzalez*, 545 U.S. at 530-31. However, a motion for relief from judgment which only challenges a district court's ruling on the time bar of a previous habeas motion is not substantive and thus is not a second petition. *Gonzalez*, 545 U.S. at 533. Thus, Bratcher's petition is not an unauthorized second petition for the limited purpose of challenging the relevant time bar of Bratcher's previous § 2255 motion.

Courts have found few narrowly-defined situations that clearly present "other reasons justifying relief." For example, courts have used Rule 60(b)(6) to return the parties to status quo where one party has failed to comply with a settlement agreement, where fraud is present, or when the losing party fails to receive notice of entry of judgment in time to file an appeal.

*Enriquez v. Quarterman*, 2009 WL 1405687 (S.D. Tex. 2009), *citing* 11 Charles Alan Wright, et al. Federal Practice and Procedure § 2864 (2d ed.1995).

While few courts have extraordinary circumstances for relief under Rule 60(b)(6), there are several decisions that lead this Court to decide that the circumstances alleged do not constitute an "extraordinary circumstance." While no single principle has been articulated, a number of cases have struck at the heart of Bratcher's argument. The United States Supreme Court has ruled that a change in law or precedent after a court issues a final judgment does not constitute an extraordinary circumstance. *Gonzalez*, 545 U.S. at 532. The failure of a trial court to consider certain extrinsic evidence is not an extraordinary circumstance. *American Guarantee & Liability Ins. Co. v. Hoeffner*, 2009 WL 1011176 (S.D. Tex. April 15, 2009). Further, the inability to timely file a habeas petition does not give rise to extraordinary circumstances. *Jones v. Quarterman*, 2008 WL 276383 (S.D.Tex. 2008) (Petitioner was unable to timely file a habeas complaint due to schizophrenia). The ineffective assistance of counsel is insufficient to give rise to extraordinary circumstances. *Wells v. U.S.,* 2007 WL 2192487 (N.D.Tex. 2007) (An inmate hired an attorney to file a 18 U.S.C. § 2255 motion; however, the attorney did not perform any of the work for which he had been hired.)

BRATCHER'S PETITION

In order to obtain relief under Rule 60(b)(6), Bratcher must show the existence of extraordinary circumstances, and Bratcher fails to meet this burden. First, Bratcher previously raised all of the arguments she now brings. In 2002, Magistrate Judge Averitte Report and Recommendation concluded that the statute of limitations should not be tolled because 1) Bratcher had not been diligent about pursuing her claims, and 2) Bratcher had filed a petition a year earlier in the Fort Worth Division of the Northern District of Texas raising the exact same

claims. Bratcher does not contradict either of these findings in her motion, or bring forward any evidence to rebut these claims. The only apparent basis for her motion is that Bratcher disagrees with the Magistrate Judge's conclusions based on these findings. This is not evidence of an "extraordinary circumstance."

Even if Bratcher's petition did allege extraordinary circumstances, it too is time barred. Rule 60 contains its own limitations, and a petition under Rule 60(b)(6) must "be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). What constitutes a "reasonable time" depends on the facts of the case, "taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Travelers Ins. Co. v. Liljeberq Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994) When the moving party has failed to appeal the judgment challenged in the Rule 60(b) motion, "the usual time period for direct appeal presumptively delimits, as a matter of law, the 'reasonable time' contemplated by Rule 60(b)." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287-88 (5th Cir. 1985). In such cases, a Rule 60(b) motion filed after the time for appeal has lapsed is untimely unless the moving party shows good cause for the later filing. *Id*. Here, the petition was made nearly eight years after the original 28 U.S.C. § 2255 motion, and almost seven years after Magistrate Judge Averrite's Report and Recommendation. There is no reason given for Bratcher's lengthy delay.

There is no showing of good cause why the moving party did not file. It is untimely.

CONCLUSION

Bratcher's *Motion to Correct Judgment* shows neither that it is timely nor extraordinary circumstances as required under Fed. R. Civ. P. 60(b). Additionally, Bratcher's motion fails as a

7

matter of law as to Fed. R. Civ. P. 60(a). For the above reasons, this motion is DENIED.

    IT IS SO ORDERED.

Signed this 18th day of August 2009.

        /s/ Mary Lou Robinson
        **MARY LOU ROBINSON**
        UNITED STATES DISTRICT JUDGE