

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | 2:95-CR-009-Z-3 |
| | § | |
| CHYANN FINE BRATCHER, | § | |
| | § | |

### ORDER DENYING COMPASSIONATE RELEASE

This matter comes before the Court on Defendant's Motion for Compassionate Release under the First Step Act, filed August 3, 2022 (ECF No. 364) ("Motion") and her request to expedite the decision (ECF Nos. 365, 366). On September 5, 1995, a Jury convicted Defendant of numerous crimes, including first-degree murder, conspiracy to murder, mail fraud, and conspiracy to commit mail fraud. The Court sentenced Defendant to life imprisonment, with other sentences imposed for the fraud crimes to run concurrently. *See* ECF No. 212. In the Motion, Defendant asks the Court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). *See* Motion at 1–10. Defendant posits she is eligible for release based on extraordinary and compelling reasons presented by her present medical conditions, the impendent release of her co-conspirators, and her evidence of rehabilitation. *See id.*

**LEGAL STANDARD**

A defendant may move for compassionate release on her own behalf *after* she has exhausted his administrative remedies with the Bureau of Prisons. *See* First Step Act of 2018, P.L. 115-391, § 603(b)(1).

After considering factors set forth in 18 U.S.C. § 3553(a), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) the defendant is at least seventy years old and has served at least thirty years in prison for the

offense for which he is imprisoned. 18 U.S.C. § 3582(c)(1)(A). Commentary to the United States Sentencing Guidelines defines "extraordinary and compelling reasons" to include the following:

> (A) Medical Condition of the Defendant. —
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is —
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant. — The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances. —
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13 cmt. 1. Compassionate release is discretionary, not mandatory. *See United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020).

The Court recognizes that U.S.S.G. § 1B1.13 only provides helpful guidance concerning the definition of "extraordinary and compelling reasons" and that the United States Court of Appeals for the Fifth Circuit has found this guidance is not binding on this Court. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (noting that the commentary to § 1B1.13 is "not dispositive" but "informs our analysis" and expressly "opt[ing] not to weigh in on the split of authority as to whether ... courts properly can invoke [§ 1B1.13's] catch-all provision"); *see also United States v. Byrd*, — Fed. Appx. —, 2021 WL 435105, at *2 (5th Cir. Feb. 8, 2021) (unpublished, per curiam) (the district court did not err insofar as it consulted the definitions in section 1B1.13 as helpful, non-binding guidance); *see also United States v. Rivas*, 833 Fed. Appx. 556 (5th Cir. 2020) ("Though not dispositive, we are guided in our analysis by the commentary for U.S. Sentencing Guidelines § 1B1.13[.]"); *see also United States v. Gonzalez*, 819 Fed. Appx. 283, 284 (5th Cir. 2020) (per curiam) (finding no error insofar as the district court "relied on its own judgment" in denying prisoner motion; contrary to the defendant's contention, "there is no indication in the district court's order that it treated U.S.S.G. § 1B1.13 'as the dispositive boundary of what may be judicially determined to be extraordinary and compelling reasons for a sentence reduction for medical reasons.' ").

ANALYSIS

The Court first considers whether Defendant meets any of the specific guidance set forth in § 1B1.13. Defendant is not yet seventy-years old. She has not served thirty years in prison for the offense for which she currently is imprisoned, although she is approaching that number. The Court therefore may grant her compassionate release only for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). The Defendant argues she meets those compelling reasons because, due to overcrowding at her BOP facility, she is struggling to receive adequate medical

care for her numerous health conditions; additionally, Defendant argues that her co-conspirators (including her mother – the alleged instigator of the murder), is scheduled to be released and Defendant apparently argues she does not deserve to do more time that the alleged primary culprit of the crime. *See* ECF No. 366 at 1–10.

### A. Extraordinary and Compelling Reasons

Defendant's contends her present medical conditions represent such reasons under Application Notes 1(A)(ii) and 1(B) to U.S.S.G § 1B1.3. *See* ECF Nos. 364, 365, 366. Medical records submitted to the Court establish Defendant is suffers from plantar fasciitis (which requires use of a wheelchair), anxiety, panic attacks, trouble breathing, heart issues (ischemia and angine pectoris), and hypothyroidism. ECF Nos. 365, 366 at 2. However, the health records also establish Bureau of Prisons medical personnel have treated Defendant's health conditions with medication and treatment. ECF Nos. 365. Nothing in the records or the Motion indicates Defendant is suffering from an unstable or unmanageable health condition, but rather than on at least a couple of occasions she has had difficulty securing her medications do to understaffing and other administrative issues. *See id.* Accordingly, the Court finds Defendant's medical condition do not represent "extraordinary and compelling reasons" for her compassionate release.

The Court also can find no reason for compassionate release under the catchall "other reasons" of U.S.S.G § 1B1.113 cmt. 1(D). COVID-19 has presented the Federal Bureau of Prisons with a public health crisis, but the Federal Bureau of Prisons has undertaken substantial efforts to protect inmates against COVID-19 infection that accord with current CDC guidelines.

The Court recognizes that the Attorney General of the United States issued a memorandum encouraging federal prisons to transfer inmates to home confinement where appropriate to decrease the risks to their health. *See* U.S. Dep't of Just., Memorandum from Attorney General

William Barr to Director of Bureau Prisons (Mar. 26, 2020), *available at* https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf (last visited October 31, 2022).

Defendant's medical conditions (specifically her heart conditions) increase her risk of becoming seriously ill from COVID-19.[1] Regardless, Defendant's general concerns about COVID-19 and her increased risk profile are not extraordinary and compelling reasons to support her compassionate release. *See United States v. Parcon*, 2020 WL 6564723, at *2 (N.D. Tex. Nov. 9, 2020), *reconsideration denied*, 2020 WL 7075513 (N.D. Tex. Dec. 3, 2020)(finding the possibility Defendant's advanced age combined with diabetes, hypertension, and asthma might make her more vulnerable to serious illness should she contract COVID-19 did not create extraordinary and compelling circumstances).

### B. 18 U.S.C. § 3553(a) Factors

However, even if Defendant's medical conditions and exposure to COVID-19 did represent extraordinary and compelling reasons, the relevant 18 U.S.C. § 3553(a) factors do not warrant a sentence reduction or modification in this case. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

First, a reduced sentence would not provide just punishment for the offense. Here, a Jury of Defendant's peers convicted her on multiple counts of an eleven-count indictment, including convictions for First-Degree Murder in a Maritime Jurisdiction of the United States, in violation of 18 U.S.C. § 7, and Conspiracy to Murder, in violation of 18 U.S.C. § 1117. *See* ECF No. 212. The Court sentenced her to life, plus additional time for other crimes, which was a sentence *within* the advisory guidelines range for her offenses. Murder, and particularly Murder in a Maritime

---

[1] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

5

Jurisdiction, is one of the most serious offenses in the entire United States Code.[2] Defendant spending the rest of her natural life in prison represents just punishment under 18 U.S.C. § 3553(a)(2)(A).

The Court notes that Defendant argues that the "primary" co-conspirator, her mother, is soon to be released from custody. ECF No. 366 at 5. The Motion states "Brenda Fine planned Billy Bratcher's death and manipulated her children into joining her scheme." *Id*. The Court finds this shifting of responsibility for her actions does not indicate that the Defendant understands the nature and seriousness of her offense, nor does it warrant compassionate release.

Second, releasing Defendant from prison would not protect the public from further crimes she might commit. Defendant participated in a plot to drown Mr. Bratcher on Lake Meredith in order to collect on a fraudulent life insurance policy. Further, Defendant's current stance in shifting blame to her mother does not indicate remorse and rehabilitation. Therefore, Defendant's early release is unwarranted because she still represents a danger to the public. *See* 18 U.S.C. § 3553(a)(2)(C).

For the foregoing reasons, the Court ORDERS that the Motion is DENIED without prejudice. Defendant may again petition the Court for compassionate release in the future for any *new* "extraordinary and compelling reasons."

**SO ORDERED.**
October 31, 2022

_____
MATTHEW J KACSMARYK
UNITED STATES DISTRICT JUDGE

---

[2] Murder committed in places "under the sole and exclusive jurisdiction of the United States" is among the earliest federal crimes. The First Congress included it in the Crimes Act of 1790, which represented the first iteration of the Federal Criminal Code. *See United States v. Bevans*, 16 U.S. 136 (1818) (Marshall, J.).